# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

*Plaintiff,*

v.

**FREDRICK DYWANE CAMPBELL,** *et al.*,

*Defendants.*

CAUSE NO. 3:23-CR-114-CWR-LGI

## ORDER

Defendant Fredrick Campbell has moved the Court for Judgment of Acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, and he requests, in the alternative, a new trial pursuant to Rule 33(a). Docket No. 241. Defendant Ramonz Payne has filed a motion seeking the same relief. Docket No. 240. The Government has responded. Docket Nos. 242 and 243.[1] The Court has considered the arguments and now finds that the motions should be denied.

This case was tried before a jury on July 21 – 29, 2025. The jury found Defendants Campbell and Payne guilty as to Count One of the indictment, which charged them with knowingly and willfully conspiring with each other and others "to distribute and possess with intent to distribute: (a) cocaine, its salts, optical or geometric isomers, or salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section

---

[1] Docket Nos. 242 and 243 omitted a digit from the docket number assigned to this case; therefore, the Government was directed to refile those submissions. Counsel for the Government represents that she was unable to refile those submissions within the time allotted due to illness. Docket No. 245. Even without the benefit of the Government's responses, the Court finds that movants have failed to carry their burdens, and their requested relief must be denied. The motion to strike, filed by Defendant Fredrick Campbell, docket no. 244, is denied as moot.

841(a)(1), and (b) marihuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846." Docket No. 109. The jury further found Defendant Campbell guilty as to Count Two of the indictment, which charged him with knowingly and intentionally using "a communications facility, that is a telephone, in causing and facilitating the commission of any act or acts constituting a felony under the Controlled Substances Act, that is, attempted possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Section 2." *Id.*

The Court first addresses Mr. Payne's motion. Docket No. 240. In his two-page motion, Mr. Payne, through counsel, argues that he is entitled to a judgment of acquittal, that the verdict was against the weight of the evidence, and the Court erred when it admitted the expert testimony of Jeremiah Rayner in the area of drug code and narcotics trafficking. These arguments are conclusory and will not be considered. Accordingly, the motion is denied.

The Court now considers Mr. Campbell's request for judgment of acquittal. Docket No. 241. Mr. Campbell first moved *ore tenus* for judgment of acquittal, with respect to the cocaine-related allegations contained in Count One of the indictment, on July 28, 2025, upon the Government resting its case-in-chief. The Court denied Mr. Campbell's motion. Mr. Campbell renewed his motion at the close of all evidence, and the Court again denied the motion. Mr. Campbell now renews that motion pursuant to Rule 29(c), and he incorporates the oral arguments made on July 28, 2025. For the reasons stated on the record, the Court again denies Mr. Campbell's request.

The Court now considers Mr. Cambell's request for a new trial, pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure. Docket No. 241. This portion of his motion is

2

based on two decisions made by the Court during trial: allowing the Government to present expert testimony through Special Agent Jeremiah Rayner; and denying Mr. Campbell's requested jury instruction. Mr. Campbell also argues that the verdict was against the weight of the evidence; however, this portion of his argument is conclusory and will not be considered.

With respect to the admission of Special Agent Jeremiah Rayner's expert testimony, Mr. Campbell renews objections he raised during the pre-trial process and during trial. In both instances, the Court rejected those arguments. Mr. Campbell's current motion points to no errors by the Court in the exercise of its gatekeeping role. Mr. Campbell merely disagrees with the Court's ultimate decision to allow Special Agent Rayner to testify as an expert. Federal Rule of Evidence 702 was not transgressed. Mr. Campbell's request is therefore denied.

Finally, the Court turns to Mr. Campbell's argument that the Court's denial of his requested jury instruction entitles him to a new trial. The Court considered Mr. Campbell's proposed instruction prior to instructing the jury. At that time, the Court determined that the content of Mr. Campbell's proposed instruction was covered by other instructions that were given to the jury. Mr. Campbell has not persuaded the Court that its analysis or conclusion was flawed in this respect. This too is insufficient to form the basis for ordering a new trial. Accordingly, Mr. Campbell's motion is denied.

The sentencings for Mr. Campbell and Mr. Payne will proceed on December 3, 2025.

**SO ORDERED**, this the 15th day of September 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE